FRANCISCO CRESPO ESCALERA, Plaintiff and Appellee, v. MERCEDES SAN MIGUEL TORRES, Defendant and Appellant.

No. 8854. Argued June 7, 1944.—Decided July 14, 1944.

---

*Agustín E. Font* for appellant. *R. Hernández Matos* for appellee.

M<small>R</small>. J<small>USTICE</small> T<small>ODD</small>, J<small>R</small>., delivered the opinion of the court.

After this court affirmed the judgment entered by the District Court of Ponce in the case of *Francisco Crespo* v. *Ernesto Schluter et al*, 58 P.R.R. 833, upon nullity of mortgage foreclosure proceeding, the plaintiff obtained from the inferior court the issuance of an order of execution by virtue of which the deputy marshal of said court proceeded on April 29, 1943, to deliver material possession of one of the properties that were the subject of the litigation to the plaintiff through his representative, Francisco Burgos Rivera.

In said act the marshal personally notified all the persons who were on the property as *"agregados"* that, from that moment he had delivered possession to the plaintiff, and also notified this to the defendant herein, Mercedes San Miguel Torres, who arrived at the property while the marshal was there, she then manifesting that she had acquired the property from Schluter and that she would not give up the possession of the same. On June 9, 1943, the plaintiff filed this petition for injunction to recover the material possession of the property claiming, among other things, that the defendant "on June 3, 1943, personally and through her la-

borers destroyed wire fences and other materials placed by the plaintiff'' on the property and ''forcefully, and armed with a gun drove cattle into a neighboring property against the will of the plaintiff, and also forcefully ejected from the property Francisco Burgos Rivera,'' plaintiff's representative and employee.

The respondent denied that the marshal had given possession of the property to the plaintiff, and on the contrary she alleged that she has had said possession since 1937. As a special defense she alleged that she acquired the property and took possession of the same in the year 1937; that she never had knowledge of the original suit filed by the petitioner and that she was not notified of any suit which would prejudice her title or possession.

The lower court granted the petition and in this appeal the defendant claims that it erred in holding that the plaintiff ''had possession of the property because the same was given to him by the marshal of the District Court of Ponce in execution of an order issued by said court, said order emanating from civil suit No. 1624 of the District Court of Ponce, affirmed by the Supreme Court in 58 P.R.R. 833.''

The evidence for both parties justifies the decision of the lower court. The facts alleged in the petition were proved and actually the only question involved is whether the petitioner was placed in the legal possession of the property by virtue of the order issued by the court below.

 Confirming what was decided in the case of *Teissonier* v. *Barnés,* 8 P.R.R. 196, this court decided in the recent case of *Ramos* v. *Puig,* 61 P.R.R. 79, that the remedy of a person who is affected by the taking of possession of a property by another person by virtue of and in compliance with an order entered in a judicial proceeding, and who believes he has a right to the possession of said property is ''to appear before the court which entered the order. . .

and have that court reverse the order, or file the ordinary corresponding action to protect his right.''

If in the instant case the respondent believed he had a right to continue in the possession of the property, which was undoubtedly delivered to the petitioner by virtue of a judicial order legally issued,[1] she should have resorted to the court below and asked for the setting aside of said order, or otherwise bring the corresponding ordinary action. She had no right to reenter the property and throw down the fences put up by the petitioner and violently eject the one in charge of the property. Her allegation that she had acquired title to the property from Schluter did not authorize her to ignore the possession acquired by the petitioner by virtue of an order of the court below, since in these proceedings matters of title cannot be adjudged, but only those of possession.

Lloréns v. Arbona, 61 P.R.R. 270, cited by appellant is clearly distinguishable from the instant case, since what is precisely decided by that case is that when a marshal delivers possession of a property, *without having obtained an order of* the court, his actions are illegal, and it is expressly said at pages 280, 281: ''. . . . the marshal acted without lawful authority in giving possession of the property to the defendant Arbona and in evicting the plaintiff therefrom, and his act constituted an unlawful act of deprivation of the possession which the plaintiffs held.'' In the instant case, however, the marshal acted with full legal authority

---

[1] On March 23, 1943, the lower court ordered the secretary to issue a writ for the execution of the judgment in the case, and the marshal's return of April 29, 1943, reads thus:

''I CERTIFY: That I received the present writ on March 24, 1943, and executed the same by going to the ward of Damián Abajo, in Orocovis, Puerto Rico, on April 29, 1943, and then and there I delivered possession to Francisco Crespo Escalera, represented by his agent or person in charge, Francisco Burgos Rivera, of the property consisting of 81 *cuerdas*, situated in said ward of Damián Abajo, in Orocovis, Puerto Rico, and which is fully described in subdivision ''A'' of the present writ.''

—an execution order issued by the court—and his action cannot under any circumstances be considered as an unlawful deprivation of defendant's possession.

The judgment appealed from should be affirmed.